IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY ALONZO STALLWORTH                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:24-CV-155-CWR-LGI

SEAN TINDELL, ASHLEE LUCAS,
and MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY                                                          DEFENDANTS

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants the Mississippi Department of Public Safety ("MDPS"), Sean Tindell, the Commissioner of MDPS, in his official and individual capacities, and Ashlee Lucas file this Memorandum of Authorities in support of their Motion for Summary Judgment, stating as follows:

### BACKGROUND

*Pro se* Plaintiff Jeffery Stallworth was a chaplain at the G.V. Sonny Montgomery VA Medical Center. Doc. 3 at 4-5. He alleges that in 2021 he accused the secretary to the Chief Chaplain of using his credit card to make unauthorized purchases and filed criminal charges against her. *Id.* at 5. According to Plaintiff, the VA refused to separate him from the secretary. *Id.* Consequently, Plaintiff complained about harassment and a hostile work environment in late 2022. *Id.* at 4-5. At some point thereafter, Plaintiff was interviewed by VA investigators apparently about allegations made by the secretary that he was sexually harassing her. *Id.* at 5He claims that the VA investigators did not inform him that he was the target of the investigation. *Id.* The investigators found that he had engaged in conduct unbecoming

of a chaplain and exhibited a lack of candor. *Id.* Plaintiff alleges that the investigators used photoshopped pictures and the testimony of the secretary to substantiate their findings. *Id.* He was terminated from his position with the VA on March 17, 2023. *Id.* at 4.

Plaintiff separately alleges that Ashlee Lucas, the Statewide Human Trafficking Coordinator for the Mississippi Bureau of Investigation, called the VA and "stated in a telephone interview that [he] was engaged in sex trafficking." Doc. 4 at 1. Plaintiff alleges that Lucas "had no basis for this false allegation and acted under color of state law [and] in doing so thereby causing [him] embarrassment, shame, loss of reputation, and ultimately his position as a chaplain." *Id.* at 1-2. He also claims that Commissioner Tindell "failed to properly train" Lucas "to prevent something like this from happening." *Id.* at 2. Plaintiff asserts claims under 42 U.S.C. § 1983 against MDPS, Commissioner Tindell, and Ashlee Lucas for negligence, negligent infliction of emotional distress, and interference with contractual relations. Doc. 3 at 3; Doc. 4 at 2-3. He seeks an unspecified amount of compensatory and punitive damages. Doc. 3 at 6.

The allegations in Plaintiff's complaint regarding the actions of Ashlee Lucas are unequivocally false. Defendant Lucas was the Statewide Human Trafficking Coordinator for the Mississippi Bureau of Investigation (MBI), a division of MDPS, from 2019 until 2025. Motion Exh. 1 (Decl. of Ashlee Lucas) at ¶ 1. In early 2022, Lucas received a phone call from a person who had worked at the VA Medical Center under Plaintiff. *Id.* at ¶ 2. The caller alleged that Plaintiff "had engaged in sexual

harassment or sex trafficking of another female employee at the VA," but did not disclose the name of the female. *Id.* Lucas informed the caller that the MBI does not investigate federal agencies and that the VA is a federal agency. *Id.* But she told the caller that she would try to find someone at a federal that he could report his allegations to. *Id.*

Subsequently, Lucas called Kat Van Buskirk, an Assistant U.S. Attorney in the Southern District of Mississippi, and told her about the person who had called about Plaintiff . *Id.* at ¶ 3. She asked Van Buskirk which federal official or agency should the person report his allegations to. *Id.* Van Buskirk informed Lucas that he should report the allegations to the Office of Inspector General (OIG) in New Orleans. *Id.* She also gave Lucas the name and number of an OIG Agent for her to get in touch with. *Id.* Lucas called the OIG Agent and told him that MBI had received a report of sexual harassment or sex trafficking involving employees at the VA in Jackson. *Id.* She asked him if he was the person in the federal government to whom the caller should report the allegations. *Id.* The OIG Agent informed Lucas that he was the appropriate person to receive such reports and that he would take care of the matter. *Id.* Lucas then gave the OIG Agent the contact information of the person who had made the report. *Id.* She had no further communication with the OIG Agent. *Id.*

Moreover, Lucas never contacted or communicated with anyone at the VA about this matter. *Id.* at ¶ 4. And she had no further involvement in this matter after her phone call with the OIG Agent. *Id.*

ARGUMENT

Summary judgment "shall" be granted when the moving party "shows that there is no genuine dispute as to any material fact" and he or she "is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Based on Plaintiff's complaint and other indisputable material facts, Plaintiff's claims against MDPS, Commissioner Tindell, and Lucas fail as a matter of law.

I.   **The Eleventh Amendment Bars Plaintiff's Claims Against MDPS and Commissioner Tindell in His Official Capacity.**

Plaintiff has sued MDPS and Commissioner Tindell in his official capacity for violations of his constitutional rights under 42 U.S.C. § 1983. [*See* Doc. 3 at 3; Doc. 4]. He only seeks monetary damages. [Doc. 3 at 6]. His claims against MDPS must be dismissed because MDPS is an "arm of the state" entitled to Eleventh Amendment immunity as to those claims. The Eleventh Amendment also bars Plaintiff's § 1983 claims against Commissioner Tindell in his official capacity. Eleventh Amendment immunity extends to claims for monetary damages against state officials sued in their official capacities.

   A.   **MDPS is an Arm of the State Entitled to Eleventh Amendment Immunity.**

The Eleventh Amendment prohibits suits in federal court against nonconsenting States filed by their own citizens or citizens of other States. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in

unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

Eleventh Amendment immunity also precludes suits against state agencies, departments, and instrumentalities that are considered "arms of the state." *See U.S. Oil Recovery Site Potential Responsible Parties Group v. R.R. Comm'n of Texas*, 898 F.3d 497, 501 (5th Cir. 2018) (Eleventh Amendment immunity "protects not only states from suit in federal court, but also 'arms of the state'") (internal quotes omitted). The State's immunity bars federal suits against "arms of the state" that are named as defendants, no matter whether the plaintiffs assert their claims under federal or state law. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Hopkins v. Mississippi*, 643 F. Supp. 709, 712 (S.D. Miss. 2009).[1] And, the immunity applies regardless of whether the plaintiff seeks injunctive, declaratory, or monetary relief. *Kentucky v. Graham*, 473 U.S. 159, 160 (1985); *Pennhurst*, 465 U.S. at 100-01; *Wamble v. County of Jones*, 2012 WL 2088820, at *4-6 (S.D. Miss. June 8, 2012).

This Court has repeatedly held that MDPS is an "arm of the state" of Mississippi entitled to Eleventh Amendment immunity. *See, e.g.*, *Delaney v. Miss. Dep't of Pub. Safety*, 2013 WL 286365, at *3 (S.D. Miss. Jan 24, 2013); *Wamble v. Jones County*, 2012 WL 2088820, at *6 (S.D. Miss. June 8, 2012); *see also Hawn v.*

---

[1] Additionally, under *Will*, state governmental entities entitled to Eleventh Amendment immunity are not considered a "person" for purposes of 42 U.S.C. § 1983. Thus, where, as here, the Eleventh Amendment bars plaintiffs' federal claims against the MDPS, as a matter of law, plaintiff has also failed to state a claim under Section 1983 against the state agency. *See, e.g., Williams v. Mississippi Dept. of Corrections*, 2012 WL 2052101, at *1 (S.D. Miss. June 6, 2012).

*Hughes*, 2014 WL 4384236, at *5 (N.D. Miss. Sept. 3, 2014). Moreover, the State of Mississippi has not waived its Eleventh Amendment immunity from suit in federal court. *E.g.*, *Moore v. Univ. Mississippi Med. Ctr.*, 719 Fed. App'x 381, 388 (5th Cir. 2018) (citing Miss. Code § 11-46-5(4)). And Congress has not abrogated Eleventh Amendment immunity for claims brought under § 1983. *Will*, 491 U.S. at 66; *Richardson v. Southern Univ.*, 118 F.3d 450, 453 (5th Cir. 1997). MDPS, as an arm of the state, is thus entitled to Eleventh Amendment immunity. As a result, MDPS should be granted summary judgment as to all of Plaintiff's claims.

**B.     The Eleventh Amendment bars Plaintiff's claims against Commissioner Tindell in his official capacity.**

The State's Eleventh Amendment immunity likewise extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010); *Hughes v. Savell*, 902 F.2d 376, 377-78 (5th Cir. 1990). Claims for monetary damages against state officials in their official capacities are categorically barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Thus, to the extent plaintiff has sued Commissioner Tindell in his official capacity, he is entitled to Eleventh Amendment immunity and thus summary judgment.

II. **Commissioner Tindell Is Entitled to Summary Judgment In His Individual Capacity Because Plaintiff Cannot Prove That He Had Any Personal Involvement.**

It is well established that § 1983 does not "create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Instead, a supervisory official must either be "personally involved in the constitutional violation" or commit "acts [that] are causally connected to the constitutional violation alleged." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). That is, a "supervisor is not personally liable for his subordinate's actions in which he had no involvement." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008). "When a government official is sued under Section 1983, the plaintiff must allege that the official was either personally involved in the deprivation or that his wrongful actions were causally connected to it." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (citation and internal quotation marks omitted). "A supervisory official may be held liable only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that casually result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (cleaned up).

Plaintiff, therefore, must demonstrate some personal involvement of Commissioner Tindell in the alleged violation of his constitutional rights in order to avoid summary judgment. He cannot. Instead, he merely alleges that Commissioner Tindell "failed to properly train" Lucas "to prevent something like this from happening." *Id.* at 2. What is not alleged, and cannot be proven, is that Commissioner

7

Tindell personally participated in any constitutional violation. Nor does Plaintiff even claim that Commissioner Tindell implemented an unconstitutional policy that resulted in some constitutional violation. Instead, he makes clear in his complaint that it was "Defendant Lucas's actions" that allegedly "caus[ed] [him] embarrassment, shame, loss of reputation and ultimately his position as a chaplain." Doc. 4 at 2. Plaintiff is attempting to hold Commissioner Tindell liable for the actions of one his subordinates. That is impermissible under § 1983. For this reason alone, Commissioner Tindell is entitled to summary judgment as to any claims asserted against him in his individual capacity. Regardless, he is also entitled to qualified immunity because the indisputable material facts show that Lucas did not defame Plaintiff or violate his constitutional rights.

### III.   Tindell And Lucas Are Entitled To Qualified Immunity.

The doctrine of qualified immunity protects public officials from suit and liability for damages under § 1983 unless their conduct violates a clearly established constitutional right. *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). Qualified immunity "attempts to balance two competing societal interests: 'the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 328 (5th Cir. 2020) (quoting Pearson v. Callahan, 555 U.S. 223, 231(2009)).

Once the defense of qualified immunity has been raised, the plaintiff has the burden of demonstrating that "(1) the official violated a statutory or constitutional right, and

(2) the right was 'clearly established' at the time." *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019) quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc). Federal courts are "free to decide which of the two prongs of the qualified immunity analysis to address first." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016).

"When considering a defendant's entitlement to qualified immunity, [the Court] must ask whether the law so clearly and unambiguously prohibited his conduct that 'every reasonable official would understand that what he is doing violates [the law].'" *McLin*, 866 F.3d at 695 (citing *Morgan*, 659 F.3d at 371). "To answer that question in the affirmative, we must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Id.* at 696 (quoting *Morgan*, 659 F.3d at 371–72). "Where no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established." *Id.* (quoting *Morgan*, 659 F.3d at 372). Further, "[i]t is the plaintiff's burden to find a case in [his] favor that does not define the law at a high level of generality." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 222 (5th Cir. 2018) (quoting *Vann v. City of Southaven, Mississippi*, 884 F.3d 307, 310 (5th Cir. 2018) (internal quotation marks omitted)). Thus, the "clearly established law" "must be 'particularized' to the facts of the case." *Roque v. Harvel*, 993 F.3d 325, 335 (5th Cir. 2021) (cleaned up; quoting *White v. Pauly*, 580 U.S. 73 (2017) (quoting, in turn, *Ashcroft v. al–Kidd*, 563 U.S. 731,742 (2011)).

Here, Plaintiff claims that Lucas called the VA Medical Center and stated that he "was engaged in sex trafficking." Doc. 4 at 1. Plaintiff asserts that this allegation was "false" and "caus[ed] him embarrassment, shame, loss of reputation and ultimately his position as a chaplain" with the VA. Doc. 4 at 2. Accordingly, Plaintiff is effectively asserting a defamation claim against Lucas (and Tindell) under § 1983.[2] However, "mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 561 n. 3 (5th Cir. 2003). To prevail on a § 1983 claim based on defamation, the plaintiff must establish "stigma 'plus an infringement of some other interest.'" *Tebo v. Tebo*, 550 F.3d 492, 503 (5th Cir. 2008) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995)). The so-called "stigma-plus" test requires a plaintiff to demonstrate that the government, through defamation, "sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or one of the incorporated provisions of the Bill of Rights." *Thinkstream, Inc. v. Adams*, 251 F. App'x 282, 284 (5th Cir.2007). Plaintiff cannot satisfy either prong of the stigma-plus test.

First, Plaintiff cannot create a genuine issue of material fact as to whether Lucas told officials at the VA that he was engaged in sex trafficking. This allegation

---

[2] To the extent Plaintiff asserts a defamation or slander claim under state law, that claim is barred by the applicable one-year statute of limitations. Miss. Code Ann. § 15-1-35. Lucas's actions occurred in early 2022, but Plaintiff did not file suit until March 2024. Doc. 1. Regardless, Plaintiff cannot create a jury issue as to whether Lucas defamed or slandered him, given the indisputable facts set forth in her declaration.

is unequivocally false. Lucas never talked to anyone at the VA about Plaintiff. Motion Exh. 1 at ¶ 4. Instead, a former VA employee who had worked under Plaintiff called Lucas and accused Plaintiff of having engaged in sexual harassment or sex trafficking of another female employee at the VA. *Id.* at ¶ 2. Lucas merely helped that person get in touch with the appropriate federal official to report those allegations. *Id.* at ¶ 3. She contacted an Assistant U.S. Attorney and an OIG Agent in New Orleans. *Id.* at ¶ 3. And she gave the OIG Agent the contact information of the person making the allegations about Plaintiff. *Id.* That was the extent of her involvement in this matter. There is no proof that she defamed or provided false information about Plaintiff.

Second, Plaintiff cannot create a triable issue of fact as to whether Lucas sought to remove or significantly alter a protected property interest of Plaintiff. To begin with, Lucas never told anyone at the VA or in the federal government that Plaintiff was engaged in sex trafficking. Again, she merely found someone in the federal government for the person accusing Plaintiff of inappropriate conduct to report those allegations to. Plaintiff alleges that Lucas caused him to lose his job as a chaplain with the VA, but his complaint belies this claim. Even he admits that the VA employees who conducted the investigation into his conduct based their findings on "obvioulsy [sic] photoshopped pictures" and the testimony of "an indicted arrested secretary." Doc. 3 at 5. For these reasons, Lucas and Commissioner Tindell are entitled to summary judgment.

Regardless, Lucas and Commissioner Tindell should be granted summary judgment because Plaintiff cannot possibly show that Lucas's actions violated clearly

established law. "For conduct to be objectively unreasonable in light of clearly established law, there need not be a case directly on point, but existing precedent must have placed the … constitutional question beyond debate." *Tucker v. City of Shreveport*, 998 F.3d 165, 173-74 (5th Cir. 2021). Existing precedent does not clearly establish that merely helping someone find a government official to report allegedly false accusations about a federal employee to constitutes a violation of the employee's constitutional rights. Accordingly, Lucas and Tindell are entitled to qualified immunity and thus summary judgment.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion for Summary Judgment.

DATE: May 19, 2025.

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY, SEAN TINDELL, and ASHLEE LUCAS, Defendants**

LYNN FITCH
Attorney General of Mississippi

*/s/ Wilson D. Minor*
Special Assistant Attorney General
Mississippi Bar No. 102663
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-6279
E-mail: wilson.minor@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record. I further certify that I emailed a copy of the above and foregoing document to the following:

Jeffrey Alonzo Stallworth
6286 Hanging Moss Road
Jackson, MS 39206
Jeffstallworth77@gmail.com
*Pro Se* Plaintiff

This, the 19th day of May, 2025.

                                                  */s/ Wilson D. Minor*